# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN AVILA,<br><br>    Petitioner,<br><br>    v.<br><br>AMY MILLER,<br><br>    Respondent. | Case No. ED CV 14-2418 SJO (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING MOTION TO AMEND HABEAS CORPUS PETITION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner's "Motion to Amend Petition and for Stay and Abeyance" ("Motion"), [Dkt. No. 17], the Magistrate Judge's Report and Recommendation, [Dkt. No. 22], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 26], and the remaining record, and has made a *de novo* determination. For the reasons discussed below, the Court approves and accepts the Report and Recommendation and denies Petitioner's Motion.

By way of background, Petitioner initially requested that the instant action be stayed so that he might exhaust two claims in state court. (Mot. at 3.) Petitioner reports that these claims are now exhausted. (Objections at 6.) At issue, then, is whether Petitioner should be permitted to add two claims to his Petition: (1) a claim that his trial counsel was ineffective for failing to impeach a witness with statements

1

made during a police interview ("IAC Claim"); and (2) a claim that his conviction was based on a theory of guilt that has since been invalidated by the California Supreme Court in *People v. Chiu*, 59 Cal. 4th 155 (2014) ("*Chiu* Claim"). [Dkt. No. 17-1 at 50-59, 67-71.]

In his Objections, Petitioner presents four new arguments in favor of amendment, which the Court, in its discretion, addresses below. *See United States v. Song Ja Cha*, 597 F.3d 995, 1003 n.7 (9th Cir. 2010) ("A district judge has discretion to consider new . . . legal arguments made only in the objections to the magistrate judge's report . . . ."). For the reasons discussed below, each of Petitioner's objections is unavailing.

First, Petitioner argues that his IAC Claim is, in fact, timely, under 28 U.S.C. § 2244(d)(1)(D). (Objections at 11-15.) As a rule, under § 2244(d)(1)(D), a habeas petitioner's one-year limitation period commences on the date when "the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In his Objections, Petitioner contends that he exercised "due diligence" by first attempting to enlist private habeas counsel, and, when that proved too costly, then seeking assistance from the Loyola Law School Project for the Innocent ("LPI"). (Objections at 13-14.) Further, Petitioner notes that he did not receive his trial attorney's file until four months and four days after he requested it.[1] (*Id.* at 8.) Thus, Petitioner contends, the relevant limitation period should be deemed to run from the date he actually received the file, March 20, 2015. (*Id.* at 9-10)

The Court finds that if Petitioner had in fact exercised the requisite "due diligence," he could have obtained his trial attorney's file much earlier. *See* 28 U.S.C. § 2244(d)(1)(D). Notably, Petitioner's first choice for habeas counsel disclosed her fee in a letter dated September 30, 2013. [*See* Dkt. No. 26-1 at 26.] Assuming, for the

---

[1] Among his attorney's papers, according to Petitioner, was the relevant witness's police interview transcript, which Petitioner claims that he did not previously have. (Objections at 8, 11.)

sake of argument, that an effort to retain private counsel constitutes "due diligence," and allowing a month for counsel's letter to be delivered and considered, the Court finds that a reasonably diligent petitioner would have begun preparations to proceed *pro se*, including by collecting any necessary supporting materials, no later than November 1, 2013.[2] Crediting Petitioner's representation that he received his trial attorney's file four months and four days after requesting it, the Court concludes that the relevant limitation period commenced no later than **March 5, 2014**, and ran until **March 5, 2015**.[3] *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("[The limitation period] begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Although Petitioner first presented his then-unexhausted IAC Claim to this Court on April 24, 2015, he did not properly file it in state court until May 11, 2015. [*See* Dkt. No. 13 at 50-59, 68; Dkt. No. 26 at 60-61; Dkt. No. 26-1 at 3.] As such, under any analysis, Petitioner's IAC Claim is untimely. *See* 28 U.S.C. § 2244(d)(1)(D).

Second, Petitioner contends that his *Chiu* Claim is timely under § 2244(d)(1)(D), on the grounds that he presented it to this Court just over a year after *Chiu* was decided. (Objections at 14-15.) However, the timeliness of Petitioner's *Chiu* Claim is not appropriately analyzed under § 2244(d)(1)(D). *See Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) (observing that "a state-court decision

---

[2] In reality, other than his January 2014 request to LPI, Petitioner took no further action in support of his habeas petition until October 2014 – more than a year after his last communication with private habeas counsel. (*See* Objections at 7.)

[3] Petitioner assumes that this limitation period was statutorily tolled between December 2014 and April 2015, when Petitioner had state habeas petitions pending in California state courts. (Objections at 13, 35-36.) However, those petitions set forth the same seven claims as his original Petition, for which the federal limitation period had already expired, and could not be reinitiated. [*Compare* Dkt. No. 1 at 1-13 *and* Dkt. No. 26 at 44-51]; *see Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Because courts must evaluate AEDPA's limitation period on a "claim-by-claim basis," the state habeas petitions referenced by Petitioner are irrelevant to the timeliness of his IAC Claim. *See Mardesich v. Cate*, 668 F.3d 1164, 1166 (9th Cir. 2012).

establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim" under § 2244(d)(1)(D)).

Third, Petitioner argues that his *Chiu* Claim should be addressed on its merits because it "relates back" to a claim ("Claim Three") contained in his original Petition. (Objections at 19.) Petitioner acknowledges that Claim Three was unexhausted at the time of filing, but objects to the Magistrate Judge's conclusion that Claim Three therefore cannot support "relation back." (*Id.* at 21-22.) According to Petitioner, the Ninth Circuit's decision in *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), provides that "a claim need only be timely filed, not dismissed from the petition, and ultimately exhausted in order to support relation back." (Objections at 23.) But Petitioner's reading is squarely foreclosed by *King*'s express holding: "The only sensible interpretation of [*Mayle v. Felix*, 545 U.S. 644 (2005)] is that it requires new claims to relate back to claims *properly contained* in the original petition – that is, those claims that were *exhausted at the time of filing*." *King*, 564 F.3d at 1142 (emphasis added).

Fourth, and finally, Petitioner contends that the untimely filing of his *Chiu* Claim should be excused on the grounds that *Chiu* renders him "actually innocent" of first degree murder. (Objections at 25-26); *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Generally, under *Vosgien v. Persson*, 742 F.3d 1131 (9th Cir. 2014), a federal habeas petitioner can overcome AEDPA's limitation period by demonstrating that, "in light of subsequent case law," the petitioner "cannot, as a legal matter, have committed the alleged crime." *Id.* at 1134. Here, Petitioner contends that he is absolved by *Chiu*, in which the California Supreme Court held that an aider-and-abettor "cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine." *Chiu*, 59 Cal. 4th at 167.

However, unlike the petitioner in *Vosgien*, Petitioner fails to demonstrate that, as a legal matter, he cannot have committed the crime underlying his conviction. *See Vosgien*, 742 F.3d at 1134. In *Vosgien*, the petitioner pled guilty to compelling

4

prostitution, but, in the process, admitted to specific conduct that was not a crime under the relevant criminal statute, as subsequently construed by the Oregon Supreme Court. *Id.* at 1135-36. Here, by contrast, Petitioner can only hypothesize that, because there was "no direct evidence as to which defendant struck the fatal blow," he may have been convicted "only as an accomplice," and thus may be retrospectively absolved of first degree murder by *Chiu*. (Objections at 25.) Petitioner's mere speculation falls far short of demonstrating that "he *cannot*, as a legal matter, have committed the . . . crime" underlying his conviction. *See Vosgien*, 742 F.3d at 1134 (emphasis added). As such, the Court will not consider Petitioner's untimely *Chiu* Claim on the merits. *See id.*

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Petitioner's Motion is denied;
3. The Magistrate Judge shall set new deadlines for the filing and service of Respondent's Return and Petitioner's Reply; and
4. The Clerk shall serve copies of this Order on the parties.

DATED: November 30, 2015

HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE